NICHOLAS P. YOUNG et al., Copartners under the Firm Name of YOUNG & METZNER, Respondents, v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY et al., Appellants.

*Insurance — policy of marine insurance taken out by carrier — when shipper may recover on policy value of goods lost.*

Young v. St. Paul F. & M. Ins. Co., 204 App. Div. 807, affirmed.

(Argued October 9, 1923; decided October 23, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 9, 1923, unanimously affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term. The action was to determine the conflicting rights of the plaintiffs and the Inland Waterways Steamship Corporation to the proceeds of certain marine insurance and to fix the obligation of the insurers on their policy. The questions presented were whether the plaintiffs were entitled to maintain suit upon the carrier's policy of insurance set forth in the complaint and whether they were entitled to recover, under such policy, the full value of their goods, without deduction of premiums due and owing under the policy.

*Dix W. Noel* and *D. Roger Englar* for appellants.

*Charles A. Houston* and *Edwin M. Otterbourg* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ. Not voting: ANDREWS, J.

---

JOHN F. CONNELLEY, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Negligence — railroads — action by passenger to recover for assault by Pullman porter.*

Connelley v. N. Y. Central R. R. Co., 206 App. Div. 652, affirmed.

(Argued October 9, 1923; decided October 23, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial

department, entered March 29, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The complaint alleged that the plaintiff was a passenger occupying a coach of the defendant, and that the defendant negligently and carelessly permitted its agent and servant, and agents and servants of the corporation with which defendant has a contract for the carriage of its, defendant's, passengers, to stab, cut, assault and wound this plaintiff with a knife, and this defendant did carelessly and negligently fail to afford and furnish to this plaintiff the protection the defendant is required to furnish its passengers. At the time of the alleged assault, the porter committing the same, who was concededly in the employ of the Pullman Company, had left the Pullman car to which he was assigned, for the purpose of assisting to a coach an intending passenger who did not have Pullman transportation, the assault occurring after said porter had left his said car, had walked the length of the station platform, and had boarded said coach.

*Warnick J. Kernan* for appellant.
*M. William Bray* for respondent.

Judgment affirmed, with costs; no opinion.
Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Not voting: HISCOCK, Ch. J.

---

HOPE L. BRAGG, Respondent, *v.* GEORGE C. TAYLOR, as President of the AMERICAN EXPRESS COMPANY, Appellant.

*Carriers — express company — liability for value of goods damaged by fire while in warehouse awaiting instructions as to delivery.*

*Bragg* v. *Taylor*, 205 App. Div. 59, affirmed.
(Argued October 9, 1923; decided October 23, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial